UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:12-cr-00080-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| ADAM PARRISH ASHE, | |
| Defendant. | |

AIKEN, Chief Judge:

On July 31, 2012, defendant pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). Defendant was sentenced to a 151-month term of imprisonment and three-year term of supervised release. Defendant now moves to vacate, set aside, or correct his sentence on various grounds pursuant to 28 U.S.C. § 2255. Defendant's motion is denied.

DISCUSSION

Defendant argues that his sentence should be vacated because his plea was not knowing or voluntary and he received ineffective assistance of counsel at sentencing. Defendant also argues that the failure of the Bureau of Prisons (BOP) to

1 - OPINION AND ORDER

provide him with adequate mental health care violates his due process rights.

However, the one-year statute of limitations for bringing a § 2255 motion has long passed. See 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Defendant nonetheless argues that equitable tolling should apply in this case because his mental illness prevented him from being able to meet the filing deadline.

In general, for equitable tolling to apply in the case of mental illness or impairment:

> (1) *First,* a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control . . . by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second,* the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

Here, defendant submits no medical or prison records to support his assertion that he was unable to understand or meet the filing deadline due to his mental illness. Further, defendant admits that sometime after May 2013, he wrote both the court and his counsel about the failure of the BOP to adequately

2 - OPINION AND ORDER

treat and address his mental needs; this action weighs against finding that defendant was unable to pursue a § 2255 motion during that time. See Def's Mot. at 4. Regardless of equitable tolling, however, defendant cannot prevail on his claims.

A guilty plea must be voluntary and intelligent; accordingly, the defendant must be aware of the nature and elements of the charges against him and the possible punishment he faces. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); see also Fed. R. Crim. P. 11(b)(1). Statements made in open court at the time of a plea carry a strong presumption of legitimacy. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986).

Defendant maintains that he was not mentally competent during his plea hearing or sentencing, when he repeatedly requested a long prison sentence. However, defendant's competency was discussed at length during the plea proceeding. Defendant's attorney stated that he was "satisfied that [defendant] is competent to proceed," although counsel acknowledged that defendant has difficulty making logical decisions at times. Gov't Ex. 3 at 4, 5. "Trial counsel's assurances to the court are relevant because 'a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings.'" Stanley v. Cullen, 633 F.3d 852, 861 (9th Cir. 2011) (quoting Hernandez v. Ylst, 930 F.2d

3 - OPINION AND ORDER

714, 718 (9th Cir. 1991)). Counsel further indicated that defendant had three evaluations, all of which concluded that defendant was competent. Defendant's counsel noted that Dr. Swiercinsky's 2010 evaluation accurately described defendant's mental state and level of competency throughout the time he represented defendant, including 2012. Gov't Ex. 5 at 3.

Further, defendant's interactions with the court during his change of plea proceeding reflected his competence at the time. He acknowledged that he was taking his medication and had signed the plea agreement, and he engaged in a lengthy discussion with the court regarding his rights and the consequences of pleading guilty. After a short recess for defendant to discuss his options with his attorney, defendant indicated he wished to plead guilty. The court questioned defendant and counsel extensively regarding defendant's ability to understand the proceedings and the consequences of pleading guilty. Defendant repeatedly stated that he understood the consequences of his plea, and he exhibited no outward signs of incompetence.

In sum, during both his plea and sentencing hearings, the court confirmed that defendant understood the nature and consequences of his plea, and that he had discussed these issues with his attorney. Notably, defendant presents no new evidence suggesting that he was unable to appreciate the consequences of

4 - OPINION AND ORDER

his decision or that counsel should have contested his competency. Stanley, 633 F.3d at 861-62.

Given the mental evaluations finding defendant competent and his representations during the plea proceeding, I find no basis for defendant's claim of involuntary plea. In sum, the record reflects that defendant knowingly and voluntarily pled guilty to the offense of conviction.

Next, defendant contends that counsel was ineffective for not raising his competency or seeking a competency examination. To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In the context of plea proceedings, the defendant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's actions, he would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Donagiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

I find no deficiency. As noted by counsel, defendant had undergone three evaluations, all of which found him competent to proceed. In such circumstances, no basis would have supported a

5 - OPINION AND ORDER

fourth competency exam even if counsel had requested one. Therefore, defendant fails to establish ineffective assistance of counsel.

Finally, defendant argues that the BOP's failure to follow the court's placement and treatment recommendations violates his due process rights and warrants relief under § 2255. However, The BOP has the statutory authority to choose the locations where prisoners serve their sentence; the court does not. 18 U.S.C. § 3621(b); United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011). Further, this case is distinguishable from United States v. McLean, 2005 WL 2371990 (D. Or. Sep. 27, 2005); there, the court relied on the availability of a specific program when imposing sentence. Id. at *5. The court did not rely on such a program in this case.

At the same time, the court is troubled and concerned that defendant may not be receiving adequate care for his documented mental illnesses. However, to the extent defendant claims that the BOP's failure to provide medical care violates his constitutional rights, this claim challenges the conditions of his confinement rather than the fact of his conviction and sentence. As such, it is not properly raised in a motion under § 2255 and must be raised in the district of his confinement. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) "(Generally, motions to contest the legality of a sentence must

6 - OPINION AND ORDER

be filed under § 2255 in the sentencing court, while petitions that challenge the manner, locations, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

## CONCLUSION

Defendant's Motion to Vacate his conviction and sentence under 28 U.S.C. § 2255 (doc. 27) is DENIED. Defendant's Motion to Appoint Counsel (doc. 33) is DENIED as moot.

IT IS SO ORDERED.

Dated this 17th day of June, 2015.

_____
Ann Aiken
United States District Judge

7 - OPINION AND ORDER